IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CK FRANCHISING, INC.                      :

                                        :

     v.                                    :     Civil Action No. DKC 2007-1852

                                        :

DWAYNE A. FORD, ET AL.                    :

                                        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion for reconsideration filed by Plaintiff CK Franchising, Inc. ("CK Franchising"). (Paper 33). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motion will be denied.

**I.   Background**

Plaintiff CK Franchising is the franchisor of Comfort Keepers in-home care franchises. Defendants Dwayne Ford and Audrey Ford entered into a franchise agreement with Plaintiff in December 2002. The parties' relationship deteriorated and, on July 13, 2007, Plaintiff filed a complaint alleging breach of contract and defamation. (Paper 1). Plaintiff simultaneously filed a motion for temporary restraining order ("TRO"). (Paper 2). Plaintiff filed an amended complaint on August 2, 2007 to add a request for attorneys' fees. (Paper 11). Plaintiff alleges that "[t]he Franchise Agreement also provides that the prevailing party in any action to enforce its terms and conditions is entitled to its costs

and reasonable attorneys' fees." (*Id.* ¶ 30).  The same day, the court held a hearing on Plaintiff's TRO.  On August 3, 2007, this court granted in part and denied in part Plaintiff's motion, holding that Defendants could continue to service current clients, but must deposit royalties into an escrow account.  (Paper 16).  The court also directed the parties to participate in mediation or arbitration.  At that point, the case was stayed and closed administratively.

There were no further proceedings in this court until the following spring, when the parties were involved in arbitration and a discovery dispute arose.  Thereafter, the parties participated in an arbitration hearing.  The arbitrator found in favor of Plaintiff on two of four counts, and denied all of Defendants' claims.  The arbitrator found that Plaintiff was not entitled to fees because it did not prevail on all of its claims or requests for damages.  Plaintiff filed a motion to modify award, arguing that the arbitrator's decision was erroneous, but the arbitrator denied the motion.  On November 10, 2008, Plaintiff filed in this court a motion to confirm arbitration award and for attorney's fees.  (Paper 28).

On April 22, 2009, the court granted Plaintiff's motion to confirm arbitration award, denied Plaintiff's motion for attorney's fees, and closed this case.  (Paper 32).  The court explained that the arbitrator knew of the proceedings before this court at the

time of arbitration and could have awarded costs and fees during the arbitration process. Plaintiff subsequently filed a motion for reconsideration. (Paper 33).

## II. Motion for Reconsideration

### A. Standard of Review

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)(citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 538 U.S. 1012 (2003)). "A motion to reconsider is not a license to reargue the merits or present new evidence." *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co.,* 148 F.3d at 403.

### B. Analysis

Plaintiff filed a motion for reconsideration of the court's April 22, 2009 order confirming the arbitration award and denying attorneys' fees. Plaintiff seeks reconsideration of the portion of the order denying the motion for attorneys' fees relating to the costs and fees associated with the temporary restraining order and

preliminary injunction it obtained in the summer of 2007. The court denied Plaintiff's request for fees reasoning, *inter alia*, that it was inappropriate for Plaintiff to seek attorneys' fees for the first time in its motion for fees. Plaintiff argues that the court erred by overlooking the amended complaint in which it specifically requested attorneys' fees.

While the court recognizes that Plaintiff requested attorneys' fees in its amended complaint, Plaintiff's motion for reconsideration nonetheless fails.[1] As previously noted, the arbitrator certainly knew of the proceedings before this court at the time of arbitration. In Plaintiff's pre-arbitration statement, it informed the arbitrator of the court proceedings, including the following:

> [Plaintiff] advised the Fords that their attempted termination was ineffective and violated the terms of the Agreement and that [CK Franchising] was prepared to file an emergency motion for a temporary restraining order ("TRO") to enjoin termination. . . .

> Accordingly, on July 14, 2007, [Plaintiff] filed with the United States District Court for the District of Maryland a complaint and a motion for preliminary and permanent injunction against the Fords seeking to enjoin the Fords from breaching the covenant not to compete, and from publishing false and defamatory statements about [Plaintiff].

---

[1] Plaintiff correctly points out that the court initially overlooked the Amended Complaint that was filed at 1:16 p.m., on August 2, 2007, immediately before the commencement of the hearing.

After three hearings, two of which were
evidentiary, Judge Deborah Chasanow found that
[Plaintiff] proved that the Fords unilaterally
terminated the Agreement without giving proper
notice or opportunity to cure.   The Court
ruled that the Fords' franchise was
terminated.   The Court also found that the
covenant not to compete was enforceable.
Judge Chasanow found that [Plaintiff] proved
that its good will and reputation would be
irreparably harmed by the Fords' breach of the
Agreement and noted that [Plaintiff] was
likely to succeed on the merits.   The Court
also prohibited the Fords from signing up new
clients in the franchise territory.

The Court, however, permitted the Fords to
continue to provide services to current
clients because it did not want to force
clients to select a new caregiver, or the
caregivers, a new employer.   The Fords were
also ordered to place in escrow the royalty
payments they would otherwise owe [Plaintiff]
for servicing clients in the franchise
territory pending the outcome of the mediation
and/or arbitration.   To date, the Fords have
escrowed approximately $6,000 in royalty
payments.   The Court also ordered the parties
to promptly proceed to arbitration.

[Plaintiff] has asserted four claims against
the Fords: breach of contract for wrongful
termination of the franchise agreement; breach
of contract for breach of the non-disclosure
and non-competition agreement; defamation; and
tortious interference with contractual
relations.

(Paper 34, Ex. 2, at 3-4)

Plaintiff further stated in its pre-arbitration statement:

The Agreement provides that the prevailing
party is entitled to recover reasonable court
or arbitral costs, or both, and reasonable
attorneys' fees in enforcing the terms of the
Agreement.   [Plaintiff] has incurred and will
incur approximately $100,000 in attorneys'

fees and costs in enforcing the terms of the
Agreement.

(*Id.* at 6).

Plaintiff asserts that the arbitrator did not have
jurisdiction over the court proceeding in which Plaintiff sought
provisional injunctive relief.   However, as Defendants correctly
point out, the attorneys' fees request in the first amended
complaint did not strip the arbitrator of the power to decide all
the attorneys' fees issues before him, including those fees
associated with the court proceeding.   The Amended Complaint also
sought the damages that were before the arbitrator.   Each cause of
action was submitted and fully considered by the arbitrator, as was
the issue of attorneys' fees related to both the proceeding in this
court and in arbitration.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for
reconsideration will be denied.   A separate Order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge